**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

STAN HASTINGS, individually and on behalf of other similarly situated.

Plaintiff,

v.

ASSURE MEDIA, LLC and CALLCORE MEDIA, INC.,

Defendants.

4:23-cv-202-JM

**REPLY IN SUPPORT**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT ASSURE MEDIA, INC'S COUNTERCLAIM**

Defendant Assure Media, LLC ("Defendant or "Assure") has filed a counterclaim for common law fraud against Plaintiff, Stan Hastings. Plaintiff has filed a Motion to Dismiss in response to the Counterclaim. Assure has responded in opposition to that motion. In reply to Assure's response, Plaintiff argues the following:

I. Elements of Fraud

The elements of fraud have been briefed and argued by Plaintiff and Assure. Despite this, Assure has not articulated its allegations sufficiently and its Counterclaim should be dismissed. First, Assure has not adequately pled that the information allegedly entered into an online form on December 3, 2019 actually caused it to do something it would not otherwise have done. This is an essential element of a claim of fraud. Assure argues that it was this false name in combination with the Plaintiff's actual phone number and an address which Assure asserts is the Plaintiff's business address that caused it to make of cause to be made the calls at issue. These allegations simply do not stand up to logic. Assure would have called the phone number whether

it was attached to a real name or a false one.

Assure does not argue that it would never have called the Plaintiff had it known his true name. Therefore, the name allegedly entered into this website is not material, nor is it the reason the calls were made. Assure did not and could not have relied on a false name- because the name was immaterial. It would have called "Stan," "Stanley," "Marvin," "Fred"- *et cetera*- and it would have called any phone number attached to any name had that name and number ended up in its system. Therefore, even in Assure's scenario as pled in its counterclaim, it did not rely on any misrepresentation of material fact. Any representations allegedly made by Plaintiff after the phone call had been made to his cellular phone could not have been relied upon by Assure as the call was already in progress. That is, unless Assure is arguing that it or its affiliates would have never revealed its/their involvement had Plaintiff not interacted with their call center agents. This appears to be the subtext of Assure's counterclaim. Assure seems to believe that Plaintiff should not have interacted with the purposefully anonymous call center agents, even though that is certainly the only way he could learn who was responsible for the illegal calls.

Assure argues that it does not matter which company names were on the list which was allegedly attached to the website in question. (*ECF Doc. 22*, p. 6) This is not true. The alleged TCPA disclosure language can only apply to the companies named. The contractual relationship between Assure and "Smartmatch" is merely alluded to and has not been adequately pled. If Assure was not on the list, it could not have had consent to call Mr. Hastings and whomever filled out the alleged web form could not have intended to cause Assure to call Plaintiff.

II. Damages

Assure's damages as pled are speculative, vague, and not causally related to any alleged misrepresentation by Plaintiff. For instance, Assure argues that it suffered "non-monetary

damages" including "harm to its valuable good will and reputation, and client relationships." (*ECF Doc. 22*, p. 6) These alleged damages could not have been caused by any alleged misrepresentation on a web-form or private phone call. These alleged damages are related to the lawsuit Plaintiff filed- not any alleged representations on the internet or a phone call. Assure, therefore, argues some variation of defamation, tortious interference, or libel related to the Plaintiff's pleadings in the instant suit. These are not damages under established precedent, "…Under the established law of Arkansas, statements in pleadings in judicial proceedings are absolutely privileged as long as the statements are relevant and pertinent to the issues raised in the case. Statements in pleadings, if relevant and pertinent to the issues, are absolutely privileged even if the statements are false and made maliciously." *Mauney v. Millar*, 142 Ark. 500, 219 S.W. 1032 (1920), see also *Pogue v. Cooper*, 284 Ark. 202, 205, 680 S.W.2d 698, 700 (1984)(citing *Westridge v. Wright*, 466 F. Supp. 234, 237 (E.D. Ark. 1979)). Pleadings are privileged and Assure cannot claim damages related to the Plaintiff's pleadings. In addition, the pleadings are not the alleged fraud described in the pleadings. To claim damages related to the pleadings is not proper or viable and Assure is not entitled to discovery on this subject as it argues.

Because the vast majority of the claimed damages are related to privileged pleadings, Assure has failed to adequately plead this essential element of a fraud claim. The only potential damage remaining and pled is the cost paid by Assure for the "lead." This can be quantified. Again, the fact that this cost has not been included in Assure's pleadings indicates that it is *de minimus* at best.

Additionally, the damages plead by Assure Media are speculative, may never occur, and certainly not ripe in any sense. The damages alleged by Assure Media are future damages,

including harm to reputation and the cost of ongoing/future litigation. A party seeking recovery of anticipated profits must present a reasonably complete set of figures to the fact-finder and should not leave it to speculate as to whether there could have been any profits. A purely speculative injury is by definition not "real and measurable" and cannot constitute actual damage. See *N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill.2d 294, 297 Ill.Dec. 319, 837 N.E.2d 99, 107 (2005) The counterclaim filed by Assure Media is not adequately pled and its alleged damages are improper and/or *de minimus*,

For the foregoing reasons, Plaintiff Stanley Hastings, Jr. respectfully requests that the Counterclaim of Assure Media, LLC be dismissed with prejudice.

Respectfully Submitted,

PLAINTIFF STAN HASTINGS,

By his attorneys,

/s/ Jason Ryburn
Jason M. Ryburn, ARBIN 2012148
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

Zachary Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
zach@ryburnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com
Pro Hac Vice

Dated 6/13/2023

**CERTIFICATE OF SERVICE**

I, Jason Ryburn, hereby certify that on June 13, 2023, I filed the foregoing with the Court's CM/ECF system, which served the same on all counsel of record:

/s/ Jason M. Ryburn
Jason M. Ryburn
ARBIN 2012148
Attorney for Plaintiff