IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STAN HASTINGS, individually and on
behalf of others similarly situated                                                              PLAINTIFF

vs.                                       Case No. 4:23-cv-202-JM

ASSURE MEDIA, LLC and
CALLCORE MEDIA, INC.                                                                         DEFENDANTS

ORDER

This is a putative class action brought pursuant to the Telephone Consumer Protection Act[1] ("TCPA") by an individual, Stan Hastings, who alleges that he received multiple unwanted robocalls about health insurance quotes. Assure Media, LLC ("Assure") filed a counterclaim alleging fraud. Pending are a motion to dismiss filed by CallCore Media Inc. ("CallCore") and Hasting's motion to dismiss Assure's counterclaim. (Doc. Nos. 16, 19). On February 2, 2024, Plaintiff filed a notice of resolution as to its claim against CallCore and requested the Court not yet rule on CallCore's motion to dismiss.  Therefore, the Court will only rule on the Hastings' motion to dismiss Assure's counterclaim at this time. CallCore's motion to dismiss is taken under advisement until March 25, 2024 at which time the Court will rule on the motion unless it has been withdrawn.

Background

To set the context, Smartmatch Insurance Agency ("Smartmatch") used Assure Media, LLC ("Assure") to provide leads for individuals who had been prescreened by consenting to receive prerecorded calls for health insurance quotes.  Assure used a third-party affiliate,

---

[1] 47 U.S.C. § 227, *et al*

CallCore Media Inc. ("CallCore"), to actually make the calls and secure the leads. Smartmatch is not a party to the current lawsuit.[2]

Hastings alleges the following in his complaint.[3] Despite his cell phone number being on the National Do Not Call Registry since 2005, he received about a dozen pre-recorded telemarketing calls from CallCore "as part of its relationship with Assure."[4] Hoping to identify the caller, Hastings "responded to the telemarketer" on March 27, 2021. He heard a pre-recorded message to which he responded, "are you a real person?" This prompted another recorded message. Eventually he spoke with a live person and heard an advertisement about reducing the costs of deductibles, copays and prescriptions. Hastings was subsequently told by Smartmatch that Assure was responsible for the call. According to Assure, it used CallCore to make the call.[5] Hastings alleges that these calls violated the TCPA by using pre-recorded messages. Hastings further alleges that Assure is liable for CallCore's conduct in placing the calls by knowingly and actively accepting business originating from CallCore's illegal calls.

CallCore responded to the complaint by filing a motion to dismiss asserting both failure to state a claim and lack of standing to pursue injunctive relief. Assure answered and filed a counterclaim against Hastings for common law fraud. Assure's counterclaim[6] alleges that Hastings used a false name, Marvin Taeese, on December 3, 2019 when he entered his personal information on a website and consented to receive telemarketing calls for health insurance quotes. Assure further alleges that Hastings verbally consented to be contacted by telemarketers

---

[2] Hastings previously sued Smartmatch in this district for TCPA violations; this case was settled between the parties. Case 4:22-cv-00228-LPR.
[3] Doc. No. 1
[4] *Id* at ¶21.
[5] Doc. No. 1, ¶ 32
[6] Doc. No. 11

for health insurance quotes on March 8, 2021. Then on March 27, 2021, Hastings answered a call made by CallCore, and responded to the false name. Assure asserts that Hastings's actions were an improper attempt to manufacture claims for TCPA violations against it.

## Legal Standard

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). It must give the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009) (citation omitted). The pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the non-moving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## Motion to Dismiss Assure's Counterclaim

To establish a claim for fraud, a plaintiff is required to allege the following elements: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Tyson Foods, Inc. v. Davis,* S.W.3d 568, 577 (Ark. 2002). Fraud claims must be stated with particularity. Fed. R. Civ. P. 9(b). In other words, the "claim must identify who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citation omitted). "[T]he particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the

potentially damaging allegations." *Id.* at 888 (citation omitted).

After careful review of the allegations of the complaint, the Court concludes that Assure has alleged sufficient facts to state a claim for fraud. The false representation of material fact alleged by Assure is that Hastings used the false name "Marvin Taeese" when he consented to receive prerecorded telemarketing calls regarding health insurance quotes. Specifically, the counterclaim alleges that on December 3, 2019 at 9:52 EST, Hastings visited a specific website[7] and provided the false name along with his correct telephone number "for the purpose consenting to receive prerecorded telephone calls and other communications from third parties" about health insurance quotes. (Doc. No. 11 at 15). Assure alleges that Hastings also verbally consented to being contacted by telemarketing agents regarding health insurance quotes on March 8, 2021 at 9:24 EST, again giving the false name and his correct phone number.

In addition, the counterclaim alleges that when Hastings clicked the submit button on the website on December 3 after entering the false name and his phone number, he expressly consented to receive pre-recorded messages about health insurance from a long list of third-party partner companies, including Smarthmatch, "and/or agents" at the mobile number he provided. Similarly with the verbal consent on March 8, the counterclaim alleges that Hastings agreed to receive telemarketing calls and pre-recorded messages "even if my telephone number is a mobile number that is currently listed on any state, federal or corporate "do not call" list." (Doc. No. 11 at 17). Having secured these consents, Assure alleges that a live CallCore agent called Hastings on March 27, 2021 on behalf of Smartmatch. Throughout the call, Hastings answered to the name "Marvin" without correcting the calling agent or advising them that he was not interested in receiving health insurance quotes.

---

[7] https://medicare.healthisurancelabs.com/medicare/

In sum, the counterclaim alleges that Hastings made knowingly false statements of fact regarding his name and his interest in receiving insurance telemarketing calls for the purpose of inducing reliance on these statements. It alleges that Assure relied on the false statements to purchase the lead. As to damages, Assure alleges that it paid CallCore for conducting its lead generation services for Smartmatch based on Hastings false representations. It also claims harm to its good will and reputation as well as costs it will incur in defense of Hasting's claim. These allegations are sufficient to satisfy the requirements of Rules 12(b)(6) and 9(b).

## Conclusion

Plaintiff's motion to dismiss the counterclaim (Doc. No. 19) is DENIED.

CallCore's motion to dismiss (Doc. No. 16) is taken under advisement until March 25, 2024 at which time the Court will rule on the motion unless it has been withdrawn.

IT IS SO ORDERED this 5th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE